## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARY A. MILLER,
  Appellant,

  v.

DEPARTMENT OF THE INTERIOR,
  Agency,

  and

OFFICE OF PERSONNEL
  MANAGEMENT,
  Agency.

DOCKET NUMBER
SF-0752-11-0766-A-3

DATE: March 30, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edward H. Passman</u>, Esquire, Washington, D.C., for the appellant.

<u>Mike Gieryic</u>, Esquire, Anchorage, Alaska, for the Department of the Interior.

<u>Becky C. Ronayne</u>, Esquire, and <u>Robert J. Girouard</u>, Esquire, Washington, DC, for the Office of Personnel Management.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1    The appellant has filed a motion for attorney fees, seeking $10,532.06 from the Office of Personnel Management (OPM). For the following reasons, we DENY the motion for attorney fees because the appellant was not a prevailing party.

## BACKGROUND

¶2    The procedural history of the underlying chapter 75 appeal is lengthy, but we summarize the relevant portions herein. The appellant filed a Board appeal after the agency removed her for failing to accept a management-directed reassignment, and she asserted several affirmative defenses. *Miller v. Department of the Interior*, 2013 MSPB 27, ¶ 2.[2] In a January 6, 2012 initial decision, the administrative judge upheld the removal, finding that the agency proved the charge by preponderant evidence and that the appellant did not prove any of her affirmative defenses. *Id.*, ¶ 3. After the appellant filed a petition for review, the Board, in an April 3, 2013 Opinion and Order, vacated the initial decision, found that the agency action did not promote the efficiency of the service, reversed the removal, and ordered the agency to reinstate the appellant to her former position. *Id.*, ¶¶ 4, 10-11. On May 13, 2013, the Board reopened the case, vacated its earlier Opinion and Order, and issued a new Opinion and Order, still vacating the initial decision and reversing the removal. *Miller v. Department of the Interior*, 119 M.S.P.R. 438, ¶¶ 1-2 (2013).

¶3    The OPM Director petitioned the Board for reconsideration of its May 13, 2013 Opinion and Order. *Miller v. Department of the Interior*, 120 M.S.P.R. 426, ¶ 1 (2013). In a December 6, 2013 Opinion and Order, the Board denied the

---

[2] The Board's opinion in *Miller v. Department of the Interior*, published in the advance sheet for Westlaw at 119 M.S.P.R. 221, was withdrawn from the bound volume because it was vacated.

Director's petition, and affirmed as modified its prior Opinion and Order. *Id.*, ¶¶ 1, 25.

¶4    On December 13, 2013, the appellant filed a motion for attorney fees against OPM. *Miller v. Department of the Interior*, MSPB Docket No. SF-0752-11-0766-A-3, Attorney Fee File (A-3 AFF), Tabs 1, 3, 10. The Director of OPM subsequently petitioned the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) for judicial review of the Board's December 6, 2013 Opinion and Order. A-3 AFF, Tab 11; *see Cobert v. Miller*, 800 F.3d 1340, 1342 (Fed. Cir. 2015).

¶5    On September 2, 2015, the Federal Circuit reversed the Board's decision and remanded the matter to the Board with instructions to instate the administrative judge's initial decision as the final decision of the Board. *Cobert*, 800 F.3d at 1342, 1351. In compliance with the Federal Circuit's instruction, the Board issued a Final Order, vacating its December 6, 2013 Opinion and Order, and instating the January 6, 2012 initial decision as the final decision of the Board. *Miller v. Department of the Interior*, MSPB Docket No. SF-0752-11-0766-M-1, Final Order, ¶ 5 (Dec. 31, 2015).

## ANALYSIS

¶6    The appellant filed her motion for attorney fees pursuant to 5 U.S.C. § 7701(g)(1). A-3 AFF, Tab 1. This provision states that the Board may require payment of reasonable attorney fees incurred by an employee if the employee is the prevailing party and the Board determines that payment by the agency is warranted in the interest of justice. In attorney fee motions arising under 5 U.S.C. § 7701(g)(1), the Board has expressly adopted the standard set forth by the U.S. Supreme Court that an appellant is considered to have prevailed in a case and to be entitled to attorney fees only if she obtains an "enforceable order" resulting in a "material alteration of the legal relationship of the parties." *Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 11 (2010) (citing, among other cases, *Buckhannon Board & Care Home, Inc. v. West*

*Virginia Department of Health & Human Resources*, 532 U.S. 598, 604 (2001)). The determination of an award of attorney fees is based upon the final decision of the Board and whether, by the final decision, the appellant is a prevailing party. *Baldwin*, 115 M.S.P.R. 413, ¶ 11.

¶7        The Board's December 31, 2015 final decision in the chapter 75 appeal instated the initial decision that upheld the appellant's removal.  Under these circumstances, we find that the appellant is no longer a prevailing party.  *See, e.g.*, *Kye v. Defense Logistics Agency*, 82 M.S.P.R. 399, ¶ 10 (1999) (discussing an intervening U.S. Supreme Court decision that  resulted in the agency's removal action being sustained and finding that the appellant is not a prevailing party); *Lokos v. Equal Employment Opportunity Commission*, 70 M.S.P.R. 33, 36 (1996) (holding that the appellant was "no longer the prevailing party" after the U.S. District Court for the Western District of Texas determined that the agency properly demoted him and overturned the Board's final decision reversing the demotion).  We therefore deny her motion for attorney fees.[3]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

This decision constitutes the Board's final decision in this matter.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[3] In light of our disposition, we deny as moot OPM's motion to dismiss the pending fee petition.  A-3 AFF, Tab 4.

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:               _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.